IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AYLA MARIE BEY,                          )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )      Civil Action No. 26-00121
                                         )       Judge Nora Barry Fischer
FRANK BISIGNANO,                         )      Docket No. 10
Commissioner of Social Security,         )
                                         )
            Defendant.                   )

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Ayla Marie Bey ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking

review of the final determination of the Commissioner of Social Security ("Defendant" or

"Commissioner") denying her application for Supplemental Security Income ("SSI") and

Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act, 42

U.S.C. §§ 1331-1383 (the "Act"). (Docket No. 11 at 1).  Now pending before the Court is

Plaintiff's Motion for Summary Judgment (Docket No. 10), which has been fully briefed.

(Docket Nos. 11-16).[1]

**II.     PROCEDURAL HISTORY**

On July 7, 2023 Plaintiff filed an application for the aforesaid social security benefits,

alleging disability as of January 1, 1998 (age nine).  The date she last met the insured status

requirements of the Act (her "date last insured" or "DLI") was June 30, 2026.  (Administrative

---

[1] The has considered Plaintiff's recently filed "Response to Defendant's Surreply" and found it did not alter this decision for reasons apparent herein.  (Docket No. 16).

1

Transcript, Docket No. 5 (hereafter "Tr.") at 223-39).[2]  Her application being denied by the

Social Security Administration (the "SSA") on September 13, 2023 and March 28, 2024, at the

initial and reconsideration levels of review, respectively, it then proceeded to telephonic

Administrative Law Judge ("ALJ") hearings before ALJ  Sarah Ehasz on October 25, 2024 and,

following the discovery of a recording failure during that hearing, on March 5, 2025. Plaintiff and

an impartial vocational expert testified, and Plaintiff was represented by counsel during the

proceedings. (Tr. at 106-26, 43-67).

On May 12, 2025, ALJ Ehasz issued a detailed Decision finding that Plaintiff had not

established disability under sections 216(i) and 223(d) of the Act during the relevant period,

which the ALJ found to be from April 1, 2012 through the date of her decision,[3] and denying her

application.  In January 2026, the Appeals Council denied Plaintiff's request for review,

rendering the ALJ's Decision final pursuant to 20 C.F.R. §  404.981.  (Tr. at 1-3, 19; Docket No.

11 at 2). Plaintiff filed suit in this Court on January 21, 2026, seeking the Court's "review

pursuant to 205(g) and 1631(c)(1) of the Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3)."

(Docket No. 3 at 2).   She specifically objects that the ALJ failed to properly (a) reopen her July

25, 2006 benefit application, which was dismissed for failure to appear at her requested hearing

in 2008; (b) evaluate her periods of abstinence from substance use; and (c) obtain medical expert

evaluation of the severity of her mental impairments.  (Docket No. 11 at 1).

---

[2] A certified copy of the transcript of the complete administrative proceedings was made of record at Docket No. 5 as follows: 5-1 Court Transcript Index; 5-2 pp. 1-126; 5-3 pp. 127-47; 5-4 pp. 148-248; 5-5 pp. 249-71; 5-6 pp. 272-425; 5-7 pp. 426-661; 5-8 pp. 662-1223; 5-9 pp. 1224-1813; 5-10 pp. 1814-2529; 5-11 pp. 2530-3282; 5-12 pp. 3283-3835.

[3] DIB may be provided to individuals who are "insured" by virtue of their contributions to the fund through the applicable earnings tax.  20 C.F.R. §§ 404.110, 404.315.  Plaintiff was not insured for benefits prior to April 1, 2012 (Tr. at 18). 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a).  And as to SSI, the relevant period began with July 7, 2023, the date Plaintiff filed her application for SSI (Tr. at 17).  See 20 C.F.R. §§ 416.202, 416.501.  *See also* Tr. at 19, 21;  Docket No. 12 at 2, n.1.

The issues at hand include the above and, more generally, whether (a) the correct legal standards were employed and (b) substantial evidence exists in the record to support the ALJ's Decision.  On deferential review and as more fully set forth below, the Court finds that the administrative record sufficiently supports the ALJ's Decision, and that the proceedings and determinations complied with the applicable standards.  Plaintiff's Motion for  Summary Judgment [10] is accordingly denied and judgment granted in favor of the SSA/Commissioner.

## III.    FACTUAL HISTORY

Plaintiff's relevant history is highlighted in her Brief in Support (Docket No. 11, providing citations to Transcript), and also set forth in the ALJ's Decision (Tr. at 18-33, same), and the Court incorporates it into its discussion in Section V.  As an overview, Plaintiff was 23 years old when first insured for benefits and 36 on the date of the decision.  She has an early high school education, little extended work experience, and a fairly lengthy medical history of struggle with substance use, including incarcerations, motor vehicle accidents, and treatment programs with challenges as to participation/compliance and including numerous medication protocols.

## IV.    STANDARD OF REVIEW

To be eligible for social security benefits under the Act, a claimant must demonstrate that she cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).  When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability.  20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the  claimant has a severe

impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent her from having the Residual Functional Capacity ("RFC") to perform her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at step 5 to prove that, given claimant's mental or physical limitations (*i.e.*, her RFC), age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy. *See e.g., Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). *See also* Tr. 20-21.

The Court's review of the agency's final decision is plenary for questions of law. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). It reviews the ALJ's findings of fact for "substantial evidence" and reviews the administrative record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g));[4] *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002); *Kent v. Schweiker*, 710 F.2d 110 (3d Cir. 1983). This evidentiary threshold is not high, and "substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154; *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). If the

---

[4] Section 405(g) provides in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business.

4

ALJ's decision is supported by such evidence, it is conclusive.[5]  The Court may not "set aside" the decision "even if this Court 'would have decided the factual inquiry differently.'"  *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).[6]

## IV.   ANALYSIS

The lengthy Decision rendered by ALJ Ehasz found that Plaintiff (1) during the relevant period of 2012 to 2025, engaged in substantial gainful activity only in the two-year interval of January 1, 2015 to December 31, 2016; (2) had the severe impairments of (a) anxiety, bipolar, trauma/stressor, depressive, and multiple substance use disorders; and (b) cluster B personality traits;[7] (3) did not have an impairment or combination of impairments meeting or equaling the

---

[5] As the Supreme Court has explained, however, the ALJ must provide a satisfactorily clear articulation of the basis for her conclusions:

> An agency action qualifies as "arbitrary" or "capricious" if it is not "reasonable and reasonably explained."  *FCC v. Prometheus Radio Project*, 592 U. S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021).  In reviewing an agency's action under that standard, a court may not "'substitute its judgment for that of the Agency.'"  *FCC v. Fox Television Stations, Inc.*, 556 U. S. 502, 513, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009).  But it must ensure, among other things, that the agency has offered "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

*Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384, 2024 U.S. LEXIS 2846, at *18 (June 27, 2024); *see also Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981).

[6] As the Supreme Court reiterated in *Ohio v. EPA, supra*, when considering a case, a district court can neither conduct a *de novo* review of the decision nor re-weigh the evidence of record.  It must judge, under the applicable standard, the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947).

[7] Tr. at 21 (citing 20 CFR 404.1520(c) and 416.920(c)).  The ALJ further found - on review and consideration of all the medical evidence in Plaintiff's file – that Plaintiff's multiple other alleged conditions (asthma, urinary tract infections, TMJ, acid reflux, otitis media and otitis externa) which met the regulatory requirements for a medically determinable impairment ("MDI") established by an acceptable medical source, were not shown to have more than minimally limited her work-related functioning for the period at issue.  Tr. at 22.  *See also id.* (discussing consideration of both established severe impairments and all MDI in assessing Plaintiff's RFC and, on the basis of her non-severe asthma, "limit[ing] her to frequent concentrated exposure to weather, humidity and wetness, dust, odors, fumes, and pulmonary irritants, and occasional exposure to extreme cold and heat").

severity of one of the criteria listed; (4) had no past relevant work; and (5) had the residual

functional capacity ("RFC") to perform work with some restrictions, which work is sufficiently

available in the national economy.[8]  Plaintiff's claim was therefore denied at step (5).  *See generally*

Tr. at 18-32.

The Court is not unsympathetic to Plaintiff's medical history, including her long history of

struggle with substance use, as presented in her pleadings. (Docket Nos. 3 and 11).  It must,

however, reject Plaintiff's contentions of error warranting remand and affirm the ALJ's Decision.

It does so on the basis of its review and above explication of the facially thorough Decision

challenged.  In further response to Plaintiff's averments of error/entitlement to remand:

---

*See also id.* at 22-24 (providing comprehensive discussion of ALJ's consideration of Plaintiff's broad areas of mental functioning - under the regulatory "paragraph B" criteria, with citations to the normal, intact, mild and moderate findings of record).  More specifically, the ALJ found Plaintiff to have mild limitations in understanding, remembering or applying information.  And she found Plaintiff to have moderate limitations in (a) interacting with others; (b) concentrating, persisting or maintaining pace; and (c) adapting or managing oneself adapting or managing oneself. *Id.* (discuss the medical findings of record and hearing testimony). *Cf. id* at 24 (finding that the paragraph C criteria were not met).

[8] *See* Tr. at 24-29 (ALJ's extensive explanation of the process and bases of her findings of RFC).  The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

  • No ladders, ropes or scaffolds.

  • No work at unprotected heights, or around dangerous machinery, and no operation of a

  motor vehicle.

  • Limited to frequent concentrated exposure to weather, humidity and wetness, dust, odors,

  fumes, and pulmonary irritants.

  • Only occasional exposure to extreme cold and heat.

  • Limited to simple, routine and repetitive tasks but not at a production rate pace and

  simple work-related decisions.

  • Limited to frequent interaction with supervisors, only occasional interaction with

  coworkers, and no interaction with the public.

In so finding, ALJ Ehasz noted her obligation to "consider[] all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p [as well as] the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c and 416.920c."  (Tr. at 24).

(1)  Plaintiff objects that the ALJ failed to grant her request to reopen her July 25, 2006 application for SSI, which was denied on initial and reconsideration reviews and then dismissed – subsequent to Plaintiff's failure to appear for her May 30, 2008 hearing - more than fourteen (14) years prior to Plaintiff's 2023 request.  In particular, Plaintiff objects that insufficient efforts were made to locate Plaintiff and notify her of the hearing at the time, and that she was injured by "clerical error".  The Decision recited the governing regulations in reaching its denial of Plaintiff's request to reopen:

> 20 CFR 416.1488 allows for reopening of a Title XVI application within 12 months of the date of the notice of the initial determination for any reason, within two years of the date of the notice of the initial determination if we find good cause, and at any time if it was obtained by fraud or similar fault. This request was made more than 14 years [later, and] there is no evidence of fraud or similar fault. Attempts were made by the hearing office to locate the claimant at the time of the scheduled hearing including, a Postal Search showing that the claimant moved with no forwarding address and a phone call to the number on file, which had been disconnected (Exhibit 1A).

Tr. at 18-19.  *See also* Docket 15 at 2 (noting that "clerical error" falls under "good cause").[9]

---

[9] *Cf. also*:

> "§ 416.1488. Conditions for reopening.
> A determination, revised determination, decision, or revised decision may be reopened—
> (c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.
>
> § 416.1489. Good causes for reopening
> (a) We will find that there is good cause to reopen a determination or decision if—
> (1)      New and material evidence is furnished;
> (2)      A clerical error was made; or
> (3)      The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
>
> *See*, 20 CFR § 416.1488(c); 416.1489(1)(2)(3), respectfully. . . ."
>
> (cited in Docket No. 13 at 2) (emphasis omitted)

As Defendant correctly notes, a refusal to reopen a prior claim is not a "final decision" subject to judicial review under 42 U.S.C. § 405(g).  (Docket No. 12 at 9) (citing *Califano v. Sanders*, 430 U.S. 99, 107– 09 (1977)). *See also Smith v. Berryhill*, 587 U.S. 471, 471–72 (2019) (distinguishing itself, as a case involving Appeal's Counsel's dismissal of a claim following a hearing on the merits, from *Sanders*, "where the Court found that the SSA's denial of a claimant's petition to reopen a prior denial of his claim for benefits - a second look that the agency had made available to claimants as a matter of grace - was not a final decision under § 405(g)").

 Plaintiff's attempts to circumvent this jurisdictional bar by alleging a *de facto* reopening or a due process violation are unavailing.[10]  The Decision expressly declined to reopen the prior application, and the ALJ's appropriate inclusion of some of Plaintiff's fuller/longitudinal context in her review and discussion of the medical record did not constitute a reopening.  Plaintiff cites no case to the contrary.  In addition, Plaintiff's averments of a constitutional violation based on asserted address/notice matters regarding her 2006 proceeding are simply not colorable within the meaning of *Sanders*, Plaintiff's argument improperly relies on alleged evidence/omissions in a record not before the court, and there is no indication that the agency failed to follow its own procedures.  The Court largely concurs in Defendant's adequate responses to these averments.  *See* Docket No. 15 at 2-3; Docket No. 12 at 9-10.[11]

---

[10] The narrow exception to this jurisdictional bar applies only where a claimant raises a colorable constitutional claim. (Docket No. 12 at 9) (citing *Sanders*, 430 U.S. at 109; *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir. 1983)).

[11] *Cf. id.* at 11 (also addressing Plaintiff's erroneous reliance on reopening regulations under Title II, rather than those under Title XVI, as to alleged clerical error).

*Cf.* Docket No. 15 at 3-4 (noting that under various regulatory sections, Plaintiff may, on a good cause showing, yet appeal the dismissal underlying the ALJ's decision to deny her request to reopen a determination, where it is, as here, not subject to the administrative review process) (citing applicable provisions).

(2) Plaintiff objects that the ALJ failed to evaluate her periods of abstinence from substance use, particularly during incarceration.  (Docket No. 11 at 4-5).  The Court notes that the record reflects challenges in ascertaining such periods with certainty.  For example, as noted in the Decision, Plaintiff "testified that she had been clean for two weeks at the time of the hearing, but prior to that had no significant period during which she was clean other than when she was [in treatment] in August or September of 2024" and, more generally, "has had minimal mental health treatment over the years [approximately 2013 through 2024] other than that received while in treatment for her substance use or while incarcerated." (Tr. at 25).  *Cf.* Tr. at 26 (noting that in August 2017, Plaintiff was incarcerated and "stated that her longest clean period had been from September of 2015 to January of 2017, but that she was not in any formal treatment then, just working a lot").

That said, the ALJ's Decision provides a chronologic explication of the evidence of record regarding Plaintiff substance use, periods of incarceration, concurrent or other intervals of inpatient or outpatient therapy/treatment, her treatment/medication participation/compliance, and in those contexts incorporates evidence regarding her self-reporting and psychiatric/other mental health status exams.  (Tr. at 25-29).[12] The Court thus finds it more than sufficient under the applicable standard of review.

 (3) Finally, Plaintiffs objects that the ALJ failed to obtain medical expert evaluation of the severity of her mental impairments, instead denying that request on grounds there was "sufficient

---

[12] *Cf.*  Docket No. 12 at 6 ("Because the ALJ did not find Plaintiff disabled at any point in the sequential evaluation, there was no need to conduct a drug addiction and alcoholism ("DAA") materiality analysis or to parse out periods of abstinence.  Agency policy makes clear that such analysis is required only where the claimant is first found disabled. See Social Security Ruling (SSR) 13-2p, 2013 WL 621536. . . .  In any event, the ALJ's decision reflects a comprehensive evaluation of Plaintiff's functioning across the entire period at issue . . . .").

information available in the file to make a decision without the need for a medical expert." (Docket No. 11 at 4-6; Tr. at 18-19).

As reflected above, the ALJ reviewed and incorporated her assessment of the medical evidence of record regarding Plaintiff's mental health record. This properly included "prior administrative medical finding(s) or medical opinion(s)," such as those of Austin Brown, Psy.D; and State Agency psychological consultants Melissa Lynn Franks, Psy.D, and John David Chiampi, Ph.D. (Tr. at 30-31). The ALJ found Drs. Brown's and Franks' opinions somewhat persuasive but reflected further "paragraph B" limitations in her RFC in consideration of Plaintiff's "ongoing mental health symptoms and substance use". (Tr. at 30).

And the ALJ duly evaluated the claimant's subjective perceptions or statements about, *e.g.*, the intensity, persistence or functionally limiting effects of pain or other symptoms, in the context of (a) their substantiation by/consistency with medical and other evidence of record and (b) her determination of the extent to which they might limit the claimant's work-related activities. (Tr. at 24-29).[13] This assessment is delegated to the ALJ, subject to the Court's deferential review.

Moreover, as Defendant notes, an ALJ has broad discretion to determine whether medical expert testimony is necessary. (Docket No. 12 at 7-8) (citing *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002); *Kushner v. Comm'r Soc. Sec.*, 765 F. App'x 825, 829 n.3 (3d Cir. 2019)). *See*

---

[13] *Cf.* Tr. at 24-25 (correctly noting the two-step process that begins with the ALJ's determination of "an underlying medically determinable physical or mental impairment" - i.e., one "that can be shown by medically acceptable clinical or laboratory diagnostic techniques – that could reasonably be expected to produce the claimant's pain or other symptoms"); *id.* at 25, 29 (ALJ's consideration of Plaintiff's subjective statements regarding the intensity, persistence or functionally limiting effects of her symptoms, and finding that some were "not entirely consistent with" the medical and other record evidence for reasons explained in the ALJ's Decision, including inconsistencies in representations/testimony and factual record).

*Cf. also id.* at 29 (noting, with citation to record, inconsistencies in Plaintiff's testimony regarding, *e.g.*, having a driver's license, taking public transportation, and abilities to perform personal care tasks, household responsibilities such a laundry, meals and simply financial matters, and care for her teenaged daughter).

*also* 20 C.F.R. §§ 404.1519a(b), 416.919a(b).  ALJ Ehasz was under no obligation to order medical expert testimony where, as discussed above, the record was, under the applicable standard, more than sufficient to her decision.[14]

## V.      CONCLUSION

In sum, the Court has applied the applicable standard and finds that the ALJ's Decision (a) comprehensively included, considered and referenced the evidence relating to Plaintiff's subjective reporting, symptoms, medical conditions, and limitations during the relevant period, (b) more than sufficiently explained the ALJ's reasonings and findings to permit the Court's meaningful review, (c) included related reasonably demonstrated limitations during the period at issue in its RFC, and (d) based its denial of benefits on substantial evidence found and reasonable determinations made. *See* Sections III and IV, *supra*.  Plaintiff's Motion for Summary Judgment [10] is therefore denied and the decision of the SSA/Commissioner is affirmed.  An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  July 6, 2026

cc/ecf:  All counsel of record.

---

[14] The Court rejects Plaintiff's assertions that the ALJ mischaracterized the evidence, failed to provide Plaintiff appropriate due process, or omitted required determinations (such as an onset date), from her Decision, for reasons reflected in this Memorandum Opinion and in Defendant's Brief in Opposition, as to which it largely concurs.  *See* Docket No. 12 at 8-10